NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____
:
PRIME INSURANCE SYNDICATE,         :
                                   :   Hon. Stanley R. Chesler
          Plaintiff,               :   Civ. A. No. 03-1050 (SRC)
                                   :
          v.                       :
                                   :   **OPINION**
UNITED RISK MANAGEMENT             :
SERVICES, INC., and DAVID          :
POHIDA, and GERALD POHIDA,         :
and HENRY KRAUZE, and              :
HURD INSURANCE AGENCY,             :
                                   :
          Defendants.              :
_____:

**CHESLER**, District Judge

This matter comes before the Court on Plaintiff's appeal of the May 12, 2006 Order issued by the Honorable Patricia Shwartz, U.S.M.J. denying Plaintiff's informal application for Leave to File an Amended Complaint. For the reasons discussed below, Magistrate Judge Shwartz's Order is affirmed, and Plaintiff's appeal is **DENIED**.

## I. BACKGROUND

Plaintiff, Prime Insurance Syndicate, Inc. ("Prime"), is authorized by the New Jersey Department of Banking and Insurance ("DOBI") to write certain surplus lines insurance policies. Defendant, United Risk Management Services, Inc. ("URM"), is licensed by DOBI as an institutional insurance provider in New Jersey. Defendant Henry

Krauze ("Krauze") was, at all times relevant, the president, designated insurance producer, and one-third owner of URM.

Prime filed their initial complaint in this matter on March 10, 2003 (docket entry # 1). On May 16, 2003, Prime filed an Amended Complaint containing allegations of fraud and conversion on the part of Krauze. Specifically, Prime contended that certain insurance premiums which were paid to URM by various insureds, in return for URM placing certain risks with Prime, were never paid to Prime.

On March 2, 2005, Magistrate Judge Shwartz issued a Pretrial Scheduling Order ("March PSO") setting May 29, 2005 as the deadline for the filing of all motions to amend pleadings, and setting September 9, 2005 as the discovery end date (docket entry # 34). Prime served a subpoena on Independence Community Bank ("ICB") on June 30, 2005. This subpoena was returnable on July 17, 2005 and Prime, therefore, requested an extension of the discovery end date from Judge Shwartz. Prime's request was granted, and Judge Shwartz issued an Amended Pretrial Scheduling Order on August 11, 2005 ("August PSO").

The August PSO set November 14, 2005 as the new discovery end date, but maintained the May 29, 2005 deadline for all motions to amend the pleadings. (Docket entry # 37.) Prime received the first set of subpoenaed documents from ICB on September 12, 2005 and again requested an extension of the discovery end date. Judge Shwartz again granted Prime's request and issued a Second Amended Pretrial Scheduling Order on November 1, 2005 ("November PSO"). The November PSO set December 16, 2005 as the discovery end date, but, once again, maintained May 29, 2005 as the deadline

for any motions to amend the pleadings. (Docket item # 38.)

Prime received additional documents from ICB on November 14, 2005, and then served additional subpoenas on ICB and Commerce Bank on November 18, 2005. On or about December 12, 2005, Prime requested relief from the November PSO and an extension of the discovery end date. On December 19, 2005, Judge Shwartz issued a Third Amended Pretrial Scheduling Order ("December PSO"). The December PSO set January 30, 2006 as the discovery end date, but again maintained May 29, 2005 as the deadline for motions to amend the pleadings.

On January 3, 2006, Prime received a third set of documents from ICB. Prime served another set of subpoenas on ICB, Commerce Bank and American Express on June 30, 2005. Prime received documents from Commerce Bank on January 25, 2006, and from American Express on January 27, 2006. On February 3, 2006, Prime again requested relief from the December PSO so that it could continue to conduct discovery with respect to the subpoenas issued to ICB, Commerce Bank, and American Express. In an Order dated February 6, 2006, Judge Shwartz denied Prime's request for an extension noting that the December PSO had stated that no further discovery extensions would be granted. (Docket entry # 41.)

On September 27, 2004, DOBI had issued an order to show cause ("OTSC") setting forth numerous violations of New Jersey insurance statutes and regulations by Krauze. (No. E04-112). On January 6, 2006, DOBI issued Final Order No. E06-07 which stated that Krauze had violated numerous New Jersey insurance statutes and regulations as set forth in the OTSC.

Judge Shwartz held the Final Pretrial Conference on April 4, 2006. In their proposed form of Final Pretrial Order, Prime included five legal issues for determination at trial which had not been asserted in the Amended Complaint. These issues included: (1) whether Krauze is liable to Prime for nonpayment of premiums by reason of its status as a 33% shareholder of URM under the laws and regulations of the state of New Jersey; (2) whether Krauze is liable to Prime by reason of his status as an officer of URM under the laws and regulations of the state of New Jersey; (3) whether Krauze is liable to Prime by reason of his status as a licensed insurance provider under the laws and regulations of the state of New Jersey; (4) whether Krauze is liable to Prime by reason of his status as the designated representative of URM under the laws and regulations of the state of New Jersey; and (5) whether Krauze is collaterally estopped from contesting the facts established by the Final Order issued by the Commissioner of Banking and Insurance.

On April 4, 2006, at the Final Pretrial Conference, Prime sought leave of the court to amend their complaint to include a cause of action based upon Krauze's alleged violation of the New Jersey statutes and regulations governing insurance providers. The previous pretrial scheduling orders issued by Judge Shwartz, however, maintained May 29, 2005 as the deadline for any motions seeking to amend pleadings. That same day, Judge Shwartz issued an Order requiring Plaintiff to demonstrate "whether or not good cause [existed]" to allow Prime to amend their complaint and include the first four legal issues set forth in the proposed form of the FPO. On April 12, 2006, Prime submitted a letter to Judge Shwartz asserting several reasons why the amendment should be allowed. On May 4, 2006, counsel for Krauze sent a letter to Judge Shwartz opposing the proposed

amendment. Judge Shwartz issued an Order on May 12, 2006 denying Prime's amendment and striking legal issues 1-4. Prime filed the instant appeal on May 26, 2006.

## II. DISCUSSION

### A. Standard of Review

The standard of review of a magistrate judge's decision depends upon whether the issue addressed was dispositive or non-dispositive. Andrews v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 67 (D.N.J. 2000). A district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205 (D.N.J. 1997). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Dome Petroleum Ltd. v. Employers Mutual Liabl. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

Motions to amend are treated as non-dispositive matters in this Court. Gutierrez v. Johnson & Johnson, 227 F.R.D. 255 (D.N.J. 2005). Therefore, this Court will review the May 10, 2006 Order of Magistrate Judge Shwartz for clear error or a decision contrary to the law.

B.   **Plaintiff's Appeal**

Magistrate Judge Shwartz denied Plaintiff's application for leave to amend after determining that Prime had failed to establish "good cause under Rule 16 to modify the pretrial scheduling orders to extend the deadline to file motions to amend the pleadings." (May 12 Order, at 4.)  Judge Shwartz went on to note that even if the Court were to amend its pretrial order to allow Plaintiff to file a motion to amend, the Court found the filing of such an amended pleading prejudicial to the defendant and, therefore, denied leave to file an amended pleading under Rule 15 as well.  (Id. at 4-6, n. 3.)

In this appeal, Plaintiff seeks to have this Court vacate Judge Shwartz's May 12 Order arguing that it has established good cause to support amendment of its pleadings under both Rule 16 and Rule 15.  Prime also argues that such amendment is not the result of undue delay and would not cause prejudice to Krauze. (Pl. Br. 6.)   This Court, however, is satisfied that the ruling of the Magistrate Judge Shwartz is correct and will be upheld.

1.   Amendment of December Pretrial Scheduling Order Pursuant to Rule 16

Rule 16 of the Federal Rules of Civil Procedure provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge or . . . by a magistrate judge."  Fed. R. Civ. Pro. 16(b).  Modification of scheduling orders is discretionary.  Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990).  Pursuant to the December PSO issued by Judge Shwartz, the deadline for filing motions to amend the pleadings was May 29, 2005.  During the Final Pretrial Conference, held on April 4, 2006, Plaintiff made an informal request to file an amended

complaint. Judge Shwartz issued an Order requiring Plaintiff to demonstrate good cause to amend the deadline for filing such motions. Plaintiff's attorney, Mr. Kupfer, submitted a letter on April 12, 2006, articulating several reasons why Plaintiff should be permitted to file an amended complaint. Denying Plaintiff's request, Judge Shwartz found that Plaintiff had not established good cause in support of its application. (May 12 Order, at 4.)

Prime argues in this appeal that Judge Shwartz erred by focusing "completely on the representations made by Mr. Kupfer [Plaintiff's counsel] in his April 12, 2006 letter, rather than on the preexisting good cause that had already been implicitly referenced in the May 12 Order, and explicitly cited in the August PSO, November PSO, and December PSO." (Pl. Br. 8.) Prime does not dispute the fact that its April 12 letter in support of its application for leave to amend is devoid of any argument that good cause exists to support its application. Instead, Prime argues that Judge Shwartz should have read into their letter, all previous demonstrations of good cause made by Prime in their applications for numerous discovery extensions.

This argument is unpersuasive. Prime requested relief from previously issued scheduling orders on three occasions. With each request, Prime provided Judge Shwartz with a showing of good cause for their need to extend the discovery end date[1]. None of these requests relied solely on the good cause shown in the previous application. Moreover, in response to Plaintiff's proposed final pretrial order seeking to add new

---

[1]Notably, Plaintiff's numerous requests for extensions of the discovery deadlines never included a request for an extension of the deadline for filing of motions to amend pleadings.

claims, Judge Shwartz issued an Order specifically requiring Plaintiff to "submit a letter showing whether or not good cause under Fed. R. Civ. P. 16 exists to permit it to amend its pleadings. . . ."  (Order, dated April 4, 2006.)  Prime's failure to make a showing of good cause provides a sufficient basis for Judge Shwartz to have denied their request to modify the December PSO and extend the deadline to file a motion to amend their pleadings.  See Eastern Minerals & Chemicals Co. v. Mahan, 225 F.3d 330, 340 (3d Cir. 2000) (holding that the district court did not abuse its discretion by denying plaintiff's motion to amend for failure to show good cause under Rule 16(b) to modify the case management order).  Accordingly, this Court finds Judge Shwartz's decision to be correct, and not contrary to the law.

    2.    <u>Leave to Amend Pursuant to Rule 15</u>

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend pleadings is generally freely given.  Foman v. Davis, 371 U.S. 178, 182 (1962).  An application to amend a complaint, though committed to the discretion of the Court, should be denied when: (1) there has been undue delay in seeking the amendment; (2) the amendment would prejudice the other party; or (3) the amendment would be futile.  See Averbach v. Rival Mfg. Co., 879 F.2d 1196 (3d Cir. 1989).  "The movant has the burden of showing good cause to amend under Rule 15(a)."  Leased Optical Depts. v. Opti-Center, Inc., 120 F.R.D. 476, 478 (D.N.J. 1988).  A motion to amend a pleading at a late stage of the litigation should be denied when the moving party is unable to "satisfactorily explain" the reasons for the delay.  Id.

Plaintiff contends that in denying Prime's request to amend its pleadings, Judge

Shwartz erroneously relied upon prejudice to Krauze. (Pl. Br. 11.) Additionally, Prime argues that undue delay alone is not a sufficient basis to deny leave to amend. Again, the liberal pleading philosophy of Rule 15(a) instructs a court to allow a plaintiff to amend its complaint whenever there has not been undue delay or bad faith on the part of the plaintiff. See Adams v. Gould, Inc., 739 F.2d 858, 864 (3d. Cir. 1984). "The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party." Id. at 868.

This case has been litigated for three years during which Plaintiff asserted only claims of conversion and fraud against Defendant Krauze. Plaintiff's request for amendment sought to add, at the end of discovery, new breach of contract claims against Defendant Krauze. However, Plaintiff provided no reason for why it could not have asserted these new claims against Krauze within the requisite deadlines. In fact, in Plaintiff's brief for this appeal, it acknowledges that it "had knowledge of the OTSC allegations since October 2004." (Pl. Br. 9.) The deadline for making a motion to amend pleadings was May 29, 2005. Plaintiff's, although they admittedly had knowledge of the relevant allegations since October 2004, waited until April of 2006 to make their request for amendment.

It is this Court's view that Judge Shwartz did not abuse her discretion in this matter, and her denial of Plaintiff's application was absolutely correct. Plaintiff had

previously been given innumerable extensions[2]. Granting Plaintiff leave to amend the complaint to add a new claim against Krauze at this point in the proceedings, when discovery has concluded and the parties are preparing their cases for trial, would cause both further delay to the administrative calendar of the Court, and prejudice to the Defendant. Prime could have advanced the breach of contract claim against Krauze years earlier and has provided no explanation as to why it waited until the Final Pretrial Conference to do so. Thus, the Court will affirm Magistrate Judge Shwartz's May 12, 2006 Order finding it to be correct and not contrary to law.

### III.   CONCLUSION

Having reviewed the parties' submissions both to this Court and to the Magistrate Judge, for the reasons set forth below, and for good cause shown, this Court affirms the Magistrate Judge's May 12, 2006 Order. An appropriate Order will follow.

s/ Stanley R. Chesler<br>
Stanley R. Chesler<br>
United States District Judge

---

[2] In fact, Plaintiff's repeated requests for the extension of the discovery deadline makes the delay in its request for amendment all the more inexplicable.