NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PRIME INSURANCE SYNDICATE, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 03-1050 (SRC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED RISK MANAGEMENT SERVICES, INC. et al., | : | |
| | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion for partial summary judgment by Defendant Henry Krauze ("Krauze") and the cross-motion for partial summary judgment by Plaintiff Prime Insurance Syndicate, Inc. ("Prime"), pursuant to FED. R. CIV. P. 56. Both motions concern Count II and Count III of the Amended Complaint, as to Defendant Krauze only. For the reasons set forth below, Krauze's motion will be **GRANTED**, and Prime's cross-motion will be **DENIED**.

**BACKGROUND**

This case arises out of a dispute between Prime, an insurer, and United Risk Management Services, Inc. ("URM"), a broker. Defendants Henry Krauze, Gerald Pohida, and David Pohida are shareholders and principals of URM. On December 1, 2000, Prime and URM executed an agreement, under which URM would sell insurance policies underwritten by Prime and collect premiums. Krauze signed the agreement as president of the corporation, and was licensed as an

insurance producer by the State of New Jersey. The premiums were initially deposited in a primary trust account. The parties agree that Krauze learned, inter alia, that Defendants Gerald Pohida and David Pohida removed funds from the primary trust account and deposited them into a different account, but did not tell this to Prime. Prime alleges that they are owed premiums by URM. The Amended Complaint contains three claims, two of which concern Krauze individually: Count II, for conversion, and Count III, for fraud. Krauze filed the first of the instant motions for partial summary judgment on Counts II and III, and then Prime cross-moved for partial summary judgment on those claims.

## ANALYSIS

I.  **Legal Standards**

   A.  Rule 56 Motion for Summary Judgment

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show

affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof

3

at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

## II.    The motion and cross-motion for summary judgment

### A.    Count II: conversion

In moving for partial summary judgment on Count II, Krauze makes this straightforward argument: 1) Plaintiff bears the burden of proof of conversion at trial; and 2) Plaintiff has no evidence that Krauze ever had possession of Plaintiff's funds. In opposition, and in support of its cross-motion, Prime does not dispute the facts, nor does it come forward with any evidence that Krauze ever had possession of Plaintiff's funds.[1] Instead, Prime argues that the law shifts the burden of disproof onto Krauze.

Even without examining the details of Prime's argument, it is fanciful, to put it nicely, to bend the law such that a defendant in a tort action bears a burden of disproof, rather than the plaintiff bearing the burden of proof. Prime relies primarily on a single case, in which the court held:

> When goods are delivered to a bailee in good condition and then are lost or damaged, the law presumes a conversion and casts upon the bailee the burden of going forward with the evidence to show that the loss did not occur through his negligence or if he cannot affirmatively do this, that he exercised a degree of care sufficient to rebut the presumption of it.

Lembaga Enterprises, Inc. v. Cace Trucking & Warehouse, Inc., 320 N.J. Super. 501, 507 (N.J.

---

[1] Krauze stated as an uncontested fact that he has never been in possession of any of the premium payments Prime seeks. (Def.'s Rule 56.1 Stmt. ¶ 13.) Prime stated that it does not dispute this. (Pl.'s Opp. Br. 2.)

Super. Ct. App. Div. 1999). This principle is inapplicable outside the context of a bailment relationship. Prime does not even allege – no less prove – a bailment relationship, with Krauze as bailee and Prime as the bailor who entrusted him with property. Prime has not provided evidence that a bailment relationship existed, and is thus not entitled to any presumption of conversion.

Moreover, even if Prime presented evidence of a bailment relationship, Plaintiffs did not plead either actions for bailment or negligence in the Amended Complaint. The Amended Complaint does not allege at any point that Krauze was negligent or a bailee. Count II alleges that Krauze possesses funds belonging to Plaintiff and has failed to deliver them, not that he negligently breached his duty as bailee to Prime. This Court rejects Plaintiffs' untimely and improper attempt to add a claim for bailee negligence to the Amended Complaint.[2]

As to Krauze's motion for partial summary judgment, as the moving party who does not bear the burden of proof at trial, Krauze has met his burden at summary judgment by pointing to the absence of evidence to support Plaintiff's case. In response, Plaintiff has failed to offer actual evidence that shows the existence of a genuine issue as to any material fact. Krauze's motion for partial summary judgment on Count II will be granted.

As to Prime's motion for partial summary judgment, as the moving party which bears the burden of proof at trial, Prime has not demonstrated that, "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." Bressman, 327 F.3d at 238. Prime's cross-motion for partial summary judgment on

---

[2] The Court notes that it has already refused to allow Plaintiff to add additional claims against Krauze to the Amended Complaint. See Opinion and Order of July 25, 2006.

Count II will be denied.

    B.    <u>Count III: fraud</u>

In moving for partial summary judgment on Count III, Krauze states the five elements of common-law fraud under New Jersey law, and then offers one sentence of argument: "With respect to Krauze individually, there is no evidence that he took any money belonging to Prime." (Def.'s Br. 6.) Prime responds that this assertion is irrelevant to the elements of common-law fraud, which is correct, since none of the five elements requires taking money. This is, however, a harmless error. FED. R. CIV. P. 61. Prime clearly understands that Krauze has alleged an absence of evidence to support Prime's case, and that, as the nonmoving party with the burden of proof, Prime must show that, at trial, no reasonable jury could find for the moving party. It has not done so.

    The parties agree that, under New Jersey law:

> [l]egal fraud consists of five elements: (1) a material representation by the defendant of a presently existing or past fact; (2) knowledge or belief by the defendant of that representation's falsity; (3) an intent that the plaintiff rely thereon; (4) reasonable reliance by the plaintiff on the representation; and (5) resulting damage to the plaintiff.

<u>New Jersey Economic Development Authority v. Pavonia Restaurant, Inc.</u>, 319 N.J. Super. 435, 445-446 (N.J. Super. Ct. App. Div. 1998). Prime argues that Krauze had a duty to disclose to Prime the changes in the trust account, and that his failure to do so constitutes fraud.

"Silence in the face of a duty to disclose may constitute a fraudulent concealment. The question of whether a duty exists is a matter of law." <u>United Jersey Bank v. Kensey</u>, 306 N.J. Super. 540, 551 (N.J. Super. Ct. App. Div. 1997) (citation omitted). Prime argues that Krauze

had a duty to disclose on two grounds: 1) the insurance licensing law and regulations; and 2) the agreement between Prime and URM.

Prime argues that Krauze was the licensed insurance producer for URM, and that the relevant New Jersey licensing statute and regulations impose a duty to disclose. The statute in effect during the period at issue stated that certain individual licensees and owners "shall be responsible for the conduct of the insurance business activity of the licensed organization." N.J. Stat. Ann. § 17:22A-8(b) (repealed August 15, 2001). Similarly, the regulation Prime cites states that certain individual licensees and owners "shall be held responsible for all insurance related conduct of the organization licensee . . ." N.J.A.C. 11:17A-1.6(c). Prime contends that the use of the word "responsible" in this licensing statute and regulation imposed a duty to disclose on Krauze. Yet Prime offers no law, nor even argument, to justify this broad, far-reaching interpretation. On its face, the statute appears to mean that the licensee will be held responsible by the state department of insurance for insurance business activity. Prime offers no basis to infer that the legislature intended this statute to create rules governing the legal relation between the licensee and the insurer, rather than the licensee and the State, and this Court does not perceive any basis for such an inference.

Prime next argues that the contract between URM and Prime imposed "a duty upon Krauze personally to monitor the trust account, which was breached." (Pl.'s Opp. Br. 18.) The actual contract, however, appears to contain no such language. (Whitney Cert. Ex. B. 2-5.) Nor does Prime point to particular language in the agreement to support its conclusory assertion. The parties to the contract are Prime and URM, as a corporate entity. (Id. at 5.) The contract imposes no duties on Krauze personally.

7

Prime also points to the entry of Krauze's name as a contact person on the "Surplus Lines Broker Profile" form, but there is no basis to find that this form is a contract with Krauze or that being listed as a contact person on a form imposes a legal obligation.

Furthermore, Prime has offered no evidence that Krauze had knowledge of anything that, if disclosed, would have prevented damage to the insurer. The evidence shows that Krauze knew that the Pohidas transferred premium funds from an account he monitored to one he did not monitor. Prime has offered no evidence that Krauze had any knowledge that the Pohidas would not pay Prime the funds owed to it. A reasonable jury could not conclude from this evidence that Krauze's silence resulted in damage to Prime.

Prime has thus offered no basis for this Court to conclude that Krauze owed Prime a duty to disclose, nor that his failure to disclose what he knew resulted in damage. This Court determines, as a matter of law, that Krauze owed no duty to disclose to Prime. As such, Prime cannot prove that Krauze breached a duty to disclose and committed fraud by his silence. In addition, Prime has failed to point to sufficient evidence which would allow a jury to find in its favor at trial. As to Count III, Krauze's motion for partial summary judgement will be granted, and Prime's motion for partial summary judgment will be denied.

## CONCLUSION

For the reasons stated above, this Court determines that Defendant Krauze has demonstrated that, as to Counts II and III, "there is no genuine issue as to any material fact and that [he is] entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Krauze's motion for partial summary judgment is **GRANTED**. Prime's motion for partial summary judgment is **DENIED**.

                                                s/ Stanley R. Chesler
                                              STANLEY R. CHESLER, U.S.D.J.

Dated: April 3, 2007